UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **In re** ) | |
| ) | |
| **EMERSON SUTTON,** ) | |
| ) | |
|     Debtor. ) | |
| ----------------------------------) | |
| **EMERSON SUTTON,** ) | |
| ) | |
|     Plaintiff/Appellant, ) | |
| ) | |
|     v. ) | No. 4:05CV906-DJS |
| ) | |
| **STATE OF MISSOURI;** ) | |
| **DIRECTOR, MISSOURI DEPARTMENT OF** ) | |
| **REVENUE;** ) | |
| **DIRECTOR, MISSOURI REAL ESTATE** ) | |
| **COMMISSION;** ) | |
| **DIRECTOR, MISSOURI REAL ESTATE** ) | |
| **APPRAISER'S COMMISSION,** ) | |
| ) | |
|     Defendants/Appellees. ) | |

## MEMORANDUM OPINION AND ORDER

      This is an appeal from the bankruptcy court. A Chapter 11 bankruptcy case and an adversary proceeding were before the bankruptcy court. Pro se plaintiff/debtor Emerson Sutton filed a motion to dismiss the Chapter 11 bankruptcy case without prejudice and requested immediate transfer of the adversary proceeding to the U.S. District Court, Eastern District of Missouri. The bankruptcy court granted the motion to dismiss the Chapter 11 case without prejudice, denied the motion to transfer the adversary proceeding, and dismissed the adversary proceeding without prejudice.

Plaintiff appealed the bankruptcy court's ruling to this District Court and presents the issue whether the bankruptcy court erred in exercising its discretion to dismiss plaintiff's adversary proceeding after plaintiff voluntarily dismissed the bankruptcy case.

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1), (c)(1). "We review the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." In re Apex Oil Co., 406 F.3d 538, 541 (8th Cir. 2005). In matters committed to the bankruptcy court's discretion, we review the decisions for an abuse of that discretion. In re Farmland Indus., 397 F.3d 647, 650-51 (8th Cir. 2005). "The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous." Id. In this case, the bankruptcy court did not abuse its discretion in determining that the remaining adversary case was a non-core proceeding and dismissing the case without prejudice.

## Discussion

"As a general rule, the dismissal of a bankruptcy case results in the dismissal of non-core, related proceedings, because the bankruptcy court's jurisdiction over the related proceeding depends on its nexus with the underlying bankruptcy case." In re Williams, 256 B.R. 885, 891 (B.A.P. 8th Cir. 2001) (citations omitted). "Although, the bankruptcy court may have the discretion

to determine whether it is proper to exercise jurisdiction after the underlying case has been dismissed or closed." Id.

"Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law." Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773 (8th Cir. 1995); see also 28 U.S.C. § 157(b)(1). "Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related to a bankruptcy." Specialty Mills, 51 F.3d at 773-74.

Plaintiff has requested an injunction to: 1) stop the State of Missouri from suspending plaintiff's real estate broker's license and/or his appraiser's license, and 2) stop the State of Missouri from collecting any taxes allegedly owed prior to the filing of the bankruptcy petition. Plaintiff's adversary proceedings include 13 different causes of action under both state and federal law.

None of the causes of action arise only in bankruptcy or arise only under federal bankruptcy law. However, the proceedings do relate to and could affect the bankruptcy estate, which in plaintiff's view includes plaintiff's real estate broker's license and real estate appraiser's license. Thus, the claims are non-core proceedings, and the bankruptcy judge has discretion over whether to exercise jurisdiction. See id.

Under 11 U.S.C. § 305(a)(1), the bankruptcy court, "after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1).[1] In determining whether the interests of the creditors and the debtor would be better served, some courts have analyzed three factors: 1) judicial economy, 2) fairness and convenience to the litigants, and 3) the degree of difficulty of the related issues involved. In re Smith, 866 F.2d 576, 580 (3d Cir. 1989). Other courts have more explicitly analogized this process to a district court's determination of whether to exercise jurisdiction over pendent state claims. See In re Querner, 7 F.3d 1199, 1202 (5th Cir. 1993). In determining matters of pendent jurisdiction, the Supreme Court set forth a test similar to Smith, which considers the factors of economy, convenience, fairness, and comity. Carnegie Mellon Univ. V. Cohill, 484 U.S. 343, 351 (1988).

Although the bankruptcy court does not explicitly lay out these factors, the court considers them and ultimately finds that the factors weigh in favor of a dismissal. The first factor of judicial economy weighs in favor of dismissal as it does not appear

---

[1] An order under § 305(a) dismissing a case is "not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of title 28 or by the Supreme Court of the United States under section 1254 of title 28." 28 U.S.C. § 305(c).

that several of the issues are even ripe for determination in that the record does not indicate that the plaintiff's licenses have been revoked. The factors of fairness and convenience to the litigants also weigh in favor of a dismissal. In consideration of this factor, the bankruptcy court notes that plaintiff has failed to properly serve defendants to the adversary proceedings and meet general procedural requirements in the bankruptcy case. The difficulty of the adversary proceeding also weighs in favor of a dismissal. The court notes that a majority of the relief requested by plaintiff may not be available should sovereign immunity apply. Additionally, the court points out the complexity of the antitrust and constitutional issues alleged by the pro se plaintiff.

Without the bankruptcy claims as a nexus between the bankruptcy estate and the outcome of the litigation, the bankruptcy court properly weighed these factors and exercised its discretion in dismissing the adversary proceedings. Plaintiff remains free to file an appropriate claim in this court as the adversary proceedings were dismissed without prejudice.

Thus, the bankruptcy court's decision is affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the joint motion of Missouri Department of Revenue, Missouri Real Estate Commission (MREC), Missouri Real Estate Appraisers Commission and unknown director,

Missouri Department of Revenue, to strike plaintiff's brief [Doc. #9] is denied.

Dated this __8th__ day of September, 2005.

                                             /s/Donald J. Stohr
                                             UNITED STATES DISTRICT JUDGE